

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis. Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                    *412/644-3500*

July 27, 2021

Kenneth J. Haber, Esquire
Difenderfer Rothman & Haber PC
304 Ross Street, Suite 400
Pittsburgh, PA 15219

Re:     United States of America v. Matthew Michanowicz
        Criminal No. 20-135

Dear Mr. Haber:

This letter sets forth the agreement by which your client, Matthew Michanowicz, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Matthew Michanowicz and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Matthew Michanowicz will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Matthew Michanowicz, agrees to the following:

        1.    He will enter a plea of guilty to Count One of the Indictment at Criminal No. 20-135, charging him with violating 26 U.S.C. § 5861(d), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

```
LIMITED OFFICIAL
      USE
```

2.  He will voluntarily forfeit to the United States all property subject to forfeiture under 26 U.S.C. § 5861, and 28 U.S.C. §§ Sections 5872 and 2461(c) including but not limited to the following:

    (a)  Three (3) destructive devices described in the Indictment.

3.  He acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number, and that the property is properly forfeitable to the United States as property utilized to commit and to facilitate commission of said offense. He herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

4.  If the Court imposes a fine or restitution as part of a sentence of incarceration, Matthew Michanowicz agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

5.  At the time Matthew Michanowicz enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

6.  Matthew Michanowicz waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

7.  Matthew Michanowicz waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a)  If the United States appeals from the sentence, Matthew Michanowicz may take a direct appeal from the sentence.

    (b)  If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Matthew Michanowicz may take a direct appeal from the sentence.

    Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

    1.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Matthew Michanowicz in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

    2.    The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    Matthew Michanowicz and the United States Attorney further understand and agree to the following:

    1.    The penalty that may be imposed upon Matthew Michanowicz is:

        a.    A term of imprisonment of not more than ten (10) years (26 U.S.C. § 5871);

        b.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)); and

        c.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

        d.    Any or all of the above.

    2.    The parties stipulate that the governing section of the United States Sentencing Guidelines is § 2K2.1. The base offense level is 18 pursuant to Sentencing Guideline § 2K.2.1 (a)(5) (offense involved firearm described in 26 U.S.C. § 5845(a)). The parties further agree that the base offense level should be increased by 2 levels pursuant to Sentencing Guideline § 2K.2.1

(b)(1)(A) because the offense involved 3 firearms. The parties further agree that the base offense level should be increased by an additional 2 levels pursuant to Sentencing Guideline § 2K.2.1 (b)(3)(B) because the offense involved a destructive device. After subtracting three (3) levels for timely acceptance of responsibility, the parties agree that the final offense level is 19. This stipulation includes all relevant conduct, under § 1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement.

3.      The stipulations under paragraph 2 are not binding on the Court or the United States Probation Office, and do not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed or from seeking a departure or variance from the advisory sentencing guideline range.

4.      The United States agrees to recommend a sentence at the low end of the guideline range as calculated and adopted by the Court.

5.      This agreement does not preclude the government from pursuing civil or administrate remedies against Matthew Michanowicz or his property.

6.      Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Matthew Michanowicz and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

STEPHEN R. KAUFMAN
Acting United States Attorney

Page 5

I have received this letter from my attorney, Kenneth J. Haber, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
MATTHEW MICHANOWICZ

_____
Date

Witnessed by:

_____
KENNETH J. HABER, ESQUIRE
Counsel for Matthew Michanowicz